IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:10-CR-8-FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) |
| GARY JACKSON, | ) |
| WILLIAM WHEELER MATHEWS, JR., | ) |
| ANDREW HOWELL, | ) |
| RONALD SLEZAK, and | ) |
| ANA BUNDY | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF THE UNITED STATES FOR PRETRIAL CONFERENCE PURSUANT
TO THE CLASSIFIED INFORMATION PROCEDURES ACT (CIPA)**

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum to apprise the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), to issues involving classified information which may arise before and during trial in the above-captioned matter; and in support of the motion of the United States for a pretrial conference to consider such matters, pursuant to Section 2 of CIPA.

The United States submits these pleadings at this time because, in the course of reviewing materials relating to one or more of the defendants, classified material exists which may be subject to disclosure in advance of trial under applicable rules, statutes and/or case law. Furthermore, the United States believes

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:10-CR-8-FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) |
| GARY JACKSON, | ) |
| WILLIAM WHEELER MATHEWS, JR., | ) |
| ANDREW HOWELL, | ) |
| RONALD SLEZAK, and | ) |
| ANA BUNDY | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF THE UNITED STATES FOR PRETRIAL CONFERENCE PURSUANT
TO THE CLASSIFIED INFORMATION PROCEDURES ACT (CIPA)**

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum to apprise the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), to issues involving classified information which may arise before and during trial in the above-captioned matter; and in support of the motion of the United States for a pretrial conference to consider such matters, pursuant to Section 2 of CIPA.

The United States submits these pleadings at this time because, in the course of reviewing materials relating to one or more of the defendants, classified material exists which may be subject to disclosure in advance of trial under applicable rules, statutes and/or case law. Furthermore, the United States believes

1

that disclosure of this material will raise issues of national security that the Court should address if such material is to be provided to the defense. Because there are additional materials which now must be reviewed to ensure that the United States fully complies with its discovery and other obligations, the United States respectfully requests that the Court schedule the conference requested herein at a time that will afford the United States an opportunity to complete its review of the materials in question. It is the hope of the United States that a discussion regarding the timing of this conference can take place during the general status conference set for June 7, 2010.

## I. DEFINITIONS, PRETRIAL CONFERENCE, PROTECTIVE ORDERS AND DISCOVERY

A. <u>Definitions of Terms</u>. Section 1 of CIPA defines "classified information" and "national security," both of which are terms used throughout the statute. Subsection (a) defines "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive Order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security. . . ." Subsection (b) defines "national security" as "the national defense and foreign relations of the United States."

B. <u>Pretrial Conference</u>. Section 2 provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to

classified information that may arise in connection with the prosecution." After such a motion is filed, Section 2 states that the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]."

C. <u>Protective Orders</u>. Section 3 of CIPA requires the court, upon the request of the United States, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case. . .."

D. <u>Discovery of Classified Information by the Defendant</u>. Section 4 provides, in pertinent part, that "[t]he court, upon sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove." Like Rule 16(d)(1) of the Federal Rules of Criminal Procedure, Section 4 of CIPA provides that the United States may demonstrate, in an <u>in camera</u>, <u>ex parte</u> submission to the Court, that the use of such alternatives is warranted. <u>United States v. Rezaq</u>, 156 F.R.D. 514, (D.C. Cir. 1994); <u>United States v.</u>

3

Yunis, 867 F.2d 617, 622-23 (D.C. Cir. 1989); see also United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988) (ex parte proceedings under CIPA concerning national security information appropriate where "the government is seeking to withhold classified information from the defendant and an adversary hearing with defense knowledge would defeat the purpose of the discovery rules.").

The legislative history of Section 4 makes clear that the Court may take national security interests into account in determining whether to permit discovery to be denied, restricted or deferred.[1]

## II. SECTION 5 AND 6 OF CIPA: NOTICE AND PRETRIAL EVIDENTIARY RULINGS

There are three critical pretrial steps in the handling of classified information under Sections 5 and 6 of CIPA. First, the defendant must specify in detail the precise classified information he reasonably expects to disclose. Second, the Court, upon motion of the United States, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance and admissibility of the proposed evidence. Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for

---

[1] S. Rep. No. 96-823, 96th Cong., 2d Sess. 6 (1980), reprinted in 1980 U.S. Code Cong. & Ad. News at 4300.

4

classified information that the Court rules is admissible.

A. <u>The Section 5(a) Notice Requirement</u>. The linchpin of CIPA is Section 5(a), which requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide timely pretrial written notice of his intention to the court and the United States. Section 5(a) expressly requires that such notice "include a brief description of the classified information," and the leading case under Section 5(a) holds that such notice "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense." <u>United States v. Collins</u>, 720 F.2d 1195, 1199 (11th Cir. 1983) (emphasis added); <u>see</u> <u>also</u> <u>United States v. Yunis</u>, 867 F.2d at 623 ("a defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused.'"); <u>United States v. Smith</u>, 780 F.2d 1102, 1105 (4th Cir. 1985)(en banc). This requirement applies to both documentary exhibits and oral testimony, whether it is anticipated to be brought out on direct or cross-examination. <u>See</u>, <u>e.g.</u>, <u>United States v. Wilson</u>, 750 F.2d 7 (2d Cir. 1984), cert. denied, 479 U.S. 839 (1986); <u>United States v. Collins</u>, 720 F.2d 1195 (11th Cir. 1983).

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) allows the Court to preclude disclosure of

5

Case 2:10-cr-00008-FL   Document 38   Filed 06/04/10   Page 5 of 13

the classified information.  Similarly, if the defendant attempts to disclose at trial classified information which is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA. See United States v. Smith, 780 F.2d at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice."); see generally United States v. North, 708 F. Supp. 389 (D.D.C. 1988).

B.  The Section 6(a) Hearing.  The purpose of the hearing pursuant to Section 6(a) of CIPA is "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. III, § 6(a).  The statute expressly provides that if the motion of the United States under Section 6(a) is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." *Id.* (emphasis added).

Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the United States must notify the defendant of the hearing and identify the classified information which will be at issue.  If the information was not previously made available to the defendant, the United States may, with the Court's approval, provide a generic description of the material to the defendant.  Thus, as Congress recognized in enacting CIPA, "the

6

Government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the Government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval."[2]

At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, and then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence. United States v. Smith, 780 F.2d at 1106; see generally United States v. Yunis, 867 F.2d at 622.[3] The Court's inquiry does not end there, however, for under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial." Id. The Court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of Evidence. United States v. Wilson, 750 F.2d at 9. At the conclusion of the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to

---

[2] 1980 U.S. Code Cong. & Ad. News at 4301.

[3] CIPA does not change the "generally applicable evidentiary rules of admissibility." United States v. Wilson, 750 F.2d at 9; accord United States v. Yunis, 867 F.2d at 623. Rather, CIPA alters the timing of rulings concerning admissibility, so as to require them to be made before trial. United States v. Poindexter, 698 F. Supp. 316, 318 (D.D.C. 1988); accord United States v. Smith, 780 F.2d at 1106.

7

each item of classified information.

C. <u>Substitution Pursuant to Section 6(c)</u>. In the event that the Court rules that one or more items of classified information are admissible, the United States has the option of "substituting" information for the classified information at issue, pursuant to Section 6(c) of CIPA. The United States may move for permission to provide the defense either a substitute statement admitting relevant facts that the classified information would tend to prove, or substitute summary of the classified information that would otherwise be disclosable. <u>See</u> <u>United States v Smith</u>, 780 F.2d at 1105. The Court must grant the motion for substitution "if it finds that the admission or summary will leave the defendant in substantially the same position as would disclosure." <u>United States v. North</u>, 910 F.2d 843, 899 (D.C. Cir. 1990).

### III. <u>OTHER RELEVANT CIPA PROCEDURES</u>

A. <u>Interlocutory Appeal</u>. Section 7(a) of CIPA provides for an interlocutory appeal by the United States from any decision or order of the trial judge "authorizing the disclosure of classified information, imposing sanctions for non-disclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information." The term "disclosure" relates both to information which the court orders the United States to divulge to the defendant as well as to information already possessed by the defendant which he or she

8

Case 2:10-cr-00008-FL   Document 38   Filed 06/04/10   Page 8 of 13

intends to make public. Section 7(b) instructs the Court of Appeals to give expedited consideration to any interlocutory appeal filed under subsection (a).

B. <u>Introduction of Classified Information</u>. In order to prevent "unnecessary disclosure" of classified information, section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording or photograph. Alternatively, the Court may order into evidence the entire writing, recording or photograph with all or part of the classified information contained therein excised. Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording or photograph be considered.

Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible. If the defendant knew that a question or a line of inquiry would result in disclosure of classified information, CIPA mandates that he or she give the United States notice under Section 5 of the Act and Section 8(c), in effect, serves as a supplement to the Section 6(a) procedures, addressing circumstances that might not have been anticipated in advance of the taking of testimony. Thus, upon objection of the United States to a defense question or line of inquiry not covered in a Section 6(a) proceeding, the Court must take suitable action to avoid the

9

improper disclosure of classified information by a witness.

<u>Security Procedures</u>. Section 9 of CIPA required the Chief Justice of the United States to prescribe security procedures for the protection of classified information in the custody of federal courts. On February 12, 1981, Chief Justice Burger promulgated these procedures.

### IV. <u>POSSIBLE EXISTENCE OF CLASSIFIED MATERIAL</u>

In the instant case, classified material may exist that could be subject to disclosure in advance of trial under applicable rules, statutes and/or case law. The disclosure of such material would raise issues of national security that the Court should address before the material is provided to the defense. Pursuant to Section 2 of CIPA, the United States respectfully requests that the Court establish a discovery and motion schedule relating to any classified information. It is the hope of the United States that this schedule can be discussed during the status conference set for June 7, 2010.

### ARGUMENT

As set forth above, under Section 2 of CIPA, any party may move for a pretrial conference to "consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3, § 2. Once such a motion is filed, the Court "shall promptly hold a pretrial conference..." <u>Id.</u> At the conference, the Court should "establish the timing of requests

10

for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]." Id.

At the Section 2 pretrial conference, the government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information.[4] Based on that estimate, the government will request a schedule for the filing of motions, pursuant to Sections 3 and 4 of CIPA, relating to the deletion, substitution and/or disclosure pursuant to protective order of classified information otherwise subject to discovery under the Federal Rules of Criminal Procedure. Id. at § 4.

Finally, pursuant to Section 4 of CIPA, the government will request that the Court authorize an in camera, ex parte submission regarding classified materials that the government believes should be subject to deletion, substitution, or disclosure pursuant to protective order. Id. Courts have consistently held that in camera, ex parte submissions to a district court in matters involving national security are proper. See, e.g., United States v. Mejia, 448 F.3d 436, 455 (D.C. Cir. 2006); United State v. Gurolla, 333 F.3d 944, 951 (9th Cir. 2003); Pringle, 751 F.2d at

---

[4] Because of the classified nature of any such information, the government will not be able to describe the nature of the information in open court. Should the Court wish a submission regarding the nature of the information, the government would request authorization to convey that information ex parte and in camera, either orally at a sealed conference or through a sealed letter.

11

427.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court schedule a pretrial conference, pursuant to Section 2 of CIPA, the date of which to be discussed at the presently scheduled status conference on June 7, 2010.

Respectfully submitted this 3rd day of June, 2010.

GEORGE HOLDING
United States Attorney

By: /s/ John S. Bowler
JOHN S. BOWLER
Assistant U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
Email: john.s.bowler@usdoj.gov
State Bar No. 18825

/s/ Jason H. Cowley
JASON H. COWLEY
Assistant U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: Jason.Cowley@usdoj.gov
State Bar No. 32636

CERTIFICATE OF SERVICE

    This is to certify that I have this 3rd day of June, 2010, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

**Defendant Jackson:**

Kenneth D. Bell
McGuire Woods LLP
100 North Tryon Street
Suite 2900
Bank of America Corporate Center
Charlotte , NC 28202-4011

**Defendant Matthews:**

James R. Sweeney
Jason R. Barclay
Larry A. Mackey
Barnes & Thornburg LLP
11 South Meridian St.
Indianapolis , IN 46204

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

**Defendant Howell:**

Stephen W. Petersen
Smith Moore Leatherwood LLP
P. O. Box 27525
Raleigh , NC 27611

**Defendant Slezak:**

Patrick M. Woodward
Woodward Law Group
1783 Forest Drive #330
Annapolis, MD 21401
pwoodward@woodwardlawgroup.com
(Served via email)

**Defendant Bundy:**

Gregory L. Poe
Law Offices of Gregory L. Poe PLLC
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20036
gpoe@gpoelaw.com
(Served via email)

By:  /s/ Jason H. Cowley
JASON H. COWLEY
Assistant U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: Jason.Cowley@usdoj.gov
State Bar No. 32636

13