IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:10-CR-8-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| GARY JACKSON, | ) | **ORDER** |
| WILLIAM WHEELER MATHEWS, JR., | ) | |
| ANDREW HOWELL, | ) | |
| RONALD SLEZAK, and | ) | |
| ANA BUNDY | ) | |

**PROTECTIVE ORDER REGARDING CLASSIFIED INFORMATION AND SENSITIVE
BUT UNCLASSIFIED INFORMATION**

This matter comes before the court upon the Motion of the
United States for a Protective Order Regarding Classified
Information and Sensitive But Unclassified Information and to
prevent the unauthorized disclosure or dissemination of classified
national security information and documents and sensitive but
unclassified information and documents ("sensitive discovery
materials" as defined in Section I(E) below)), which may be
reviewed or made available to the defendants and their counsel by
the government during the prosecution of this case. Pursuant to
the authority granted under Section 3 of the Classified Information
Procedures Act, 18 U.S.C. App. 3 (2006) ("CIPA"), the Security
Procedures Established Pursuant to CIPA by the Chief Justice of the
United States for the Protection of Classified Information
(reprinted following CIPA section 9), Rules 16(d), 26.2, and 57 of
the Federal Rules of Criminal Procedure, and the general

supervisory authority of the Court, and in order to protect the national security, the following Protective Order is entered:

I. **Definitions**. The following definitions shall apply to this Order:

A. "Classified information" shall mean: (i) any document or information which has been classified by any executive agency in the interests of national security or pursuant to Executive Order 13526 (or preceding Executive Orders), as "confidential," "secret," or "top secret;" (ii) any document or information now or formerly in the possession of a private party which (A) has been derived from information that was classified by the United States government, and (B) has been classified by the United States pursuant to Executive Order 13526 (or preceding Executive Orders) as "confidential," "secret," or "top secret;" (iii) verbal classified information known to the defendant or defense counsel; or (iv) any information, regardless of its place of origin and including "foreign government information," as that term is defined in Executive Order 13526, that could reasonably be believed to contain classified information.

B. "Document" shall mean any material containing information. The term "document" shall include, without limitation, written or printed matter of any kind, including originals, conforming copies, and non-conforming copies (e.g., a copy of an original with an added notation). The term "document"

2

shall also include, without limitation, letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, e-mails, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, transcripts, and messages, as well as alterations, amendments, modifications, and changes of any kind to the foregoing, in addition to all recordings of information on magnetic, electronic, or optical media (including but not limited to those on CD-ROM), typewriter ribbons, films and all manner of electronic data processing storage.

C.    "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner classified information.

D.    "Secure area" means an area accredited by a Court Security Officer to the level of classified documents or information involved for the storage, handling, and control of such classified documents or information.

E.    "Sensitive discovery materials" means all materials, documents, and information that were previously designated as classified but have been declassified since the return of the Indictment in this case and provided by the government as discovery in this case.

F.    "General discovery materials" means materials that have never been classified or were declassified before the return of the

3

indictment in this case.

**II.** **Classified Materials.** The following rules and procedures shall apply to the production, storage, and use of classified materials, if such production takes place in this case.

A.  Information in the public domain is ordinarily not classified. However, if classified information is reported in the press or otherwise enters the public domain, the information does not lose its classified status merely because it is in the public domain. And information reported in the press or otherwise in the public domain may be considered classified and subject to the provisions of CIPA if the information in fact remains classified and is confirmed by any person who has, or had, such access to classified information and that confirmation corroborates the information in question. Accordingly, any attempt by the defense to have classified information that has been reported in the public domain confirmed or denied at trial or in any public proceeding in this case shall be governed by CIPA and all provisions of this Order.

B.  All classified documents and information contained therein, shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that originated the document or information contained therein (hereinafter, the "originating agency").

C.  In accordance with the provisions of CIPA and the

4

security procedures promulgated by the Chief Justice of the United States pursuant to that Act, this Court designates Jennifer Campbell as the Court Security Officer and John Arszulowicz, Miguel A. Ferrer, Christine E. Gunning, Daniel O. Hartenstine, Joan B. Kennedy, Michael P. Macisso, and W. Scooter Slade as alternate Court Security Officers for this case for the purpose of providing security arrangements necessary to protect any classified information or documents that will be made available to the defense in connection with this case or that may already be in the possession of the defense as a result of the defendants' prior employment. Defense counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of all classified information.

D. The Court has been advised that the Assistant United States Attorneys assigned to this case, John S. Bowler and Jason H. Cowley, and other appropriately cleared Government attorneys, and their respective supervisors (collectively "government attorneys"), have the requisite security clearances allowing them to have access to the classified documents and information that relate to this case. Any other government attorneys who may in the future be designated to participate in the litigation of any part of this matter (or supervise such litigation) will have security clearances at the level of classification of any documents or information reviewed. Once the Court Security Officer has confirmed such

5

clearance, no new Order from this Court will be required in order for any additional such government attorneys to review the classified materials involved in this case.

E. Due to access pre-dating the current charges, the defendants may currently be in possession of classified national security information. As required by the government's discovery obligations and in accordance with the terms of this Protective Order, the requirements of CIPA, and any other orders issued pursuant to CIPA, and upon receipt of appropriate security clearances, the defendants may be given access to additional national security documents and information. The defendants may have a continuing contractual obligation to the government not to disclose to any unauthorized person classified information known to them or in their possession. The government is entitled to enforce its agreement to maintain the confidentiality of classified information. Consequently, pursuant to federal common law and the ordinary principles of contract law, the defendants shall fully comply with their nondisclosure agreements and this Order, and shall not disclose any classified information to any unauthorized person unless authorized to do so by this Court. Any additional persons whose assistance the defense reasonably requires may only have access to classified information in this case after first obtaining from this Court, with prior notice to the government, an approval for access to classified

6

information at the level required for such access on a need-to-know basis, and after satisfying the other requirements described in this Order for access to classified information. The substitution, departure, or removal from this case of defense counsel or any other cleared person associated with the defense as an employee or witness or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

F. The Court Security Officer shall arrange for and maintain an appropriately approved secure area for the use of defense counsel. The Court Security Officer shall establish procedures to assure that the secure area is accessible to defense counsel as deemed appropriate by the Court in consultation with the Court Security Officer. The secure area shall contain a separate working area for defense counsel and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defense. The Court Security Officer, in consultation with defense counsel, shall establish procedures to assure that the secure area is maintained and operated in the most efficient manner consistent with the protection of classified information. No classified documents may be removed from the secure area unless so authorized by the Court Security Officer with notice provided to the Court. The Court Security Officer shall not reveal to the government the content of

any conversations he or she may hear among the defense, nor reveal the nature of the documents being reviewed or the work being generated. The presence of the Court Security Officer shall not operate as a waiver, limit, or otherwise render inapplicable the attorney-client privilege or protections afforded by the work product doctrine. The parties further understand and agree that none of the procedures outlined in this Order shall be construed or operate as a waiver or limitation on the attorney-client privilege or protections afforded by the work product doctrine.

G. Filing of Papers by the Defendants. Any pleading or other document filed by any defendant that defense counsel has reasons to believe contains classified information, or is uncertain as to the proper classification of the document or pleading, shall be filed under seal with the Court through the Court Security Officer or her designee. Pleadings filed under seal with the Court Security Officers or her designee shall be marked, "Filed in Camera and Under Seal with the Court Security Officer or designee." The date and time of physical submission to the Court Security Officer or her designee shall be considered the date and time of filing. At the time of making a physical submission to the Court Security Officer or designee, defense counsel shall file on the public record in the CM/ECF system a notice of filing that notifies the Court that a filing has been made. The notice should contain only the case caption and an unclassified title of the filing. The

8

Court Security officer shall immediately deliver, under seal, to the Court and counsel for the United States (unless such filing is an ex parte filing) any pleading or document filed by the defendant that may contain classified information. The Court Security Officer shall promptly examine the pleading or document and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information. If the Court Security Officer determines that the pleading or document contains classified information, he or she shall ensure that the portion of the document containing classified information, and only that portion, is marked with the appropriate classification marking and remains under seal. All portions of all papers filed by the defendant that do not contain classified information or sensitive discovery materials will be placed in the public record.

H. Filing of Papers by the United States. Those portions of pleadings or documents filed by the United States that contain classified information shall be filed under seal with the Court through the Court Security Officer or her designee. Such pleadings and documents shall be marked, "Filed In Camera and Under Seal with the Court Security Officer or designee." The date and time of physical submission to the Court Security Officer or her designee shall be considered the date and time of filing. At the time of making a physical submission to the Court Security Officer or her

9

designee, the government shall file on the public record in the CM/ECF system a notice of filing that notifies the Court that a filing has been made. The notice should contain only the case caption and an unclassified title of the filing. The Court Security Officer shall immediately deliver, under seal, to the Court and counsel for the defendant (unless such filing is an ex parte filing) any pleading or document filed by the government that contains classified information. All portions of all papers filed by the United States that do not contain classified information or sensitive discovery materials will be placed in the public record.

I. The Court Security Officer shall maintain a separate sealed record for those materials which are classified. The Court Security Officer shall be responsible for also maintaining the secured records for purposes of later proceedings or appeal.

J. Protection of Classified Information. The Court finds that in order to protect the classified information involved in this case, no individual other than counsel for the United States, appropriately cleared Department of Justice employees, personnel of the originating agency, the defendants and their counsel, shall be allowed to obtain access to classified documents and information unless and until that person has been granted a security clearance by the Department of Justice through the Court Security Officer, and has obtained permission of the Court. No person except the defendants and their counsel shall have access to the classified

10

information involved in this case, unless and until that person, which includes any potential witnesses at trial, shall first have:

      1.    received from the Court Security Officer the appropriate security clearance at the level of the classified information involved in this litigation; and

      2.    signed the Memorandum of Understanding, in the form attached hereto, thereby agreeing to comply with the terms of this Order.

K.    The signed Memorandum of Understanding shall be filed with the Court. The substitution, departure, or removal for any reason from this case of counsel for the defense or anyone later cleared and associated with the defense as an employee or witness or otherwise shall not release that individual from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order. Before any person other than counsel for the United States, appropriately cleared Department of Justice employees, and personnel of the originating agency, is permitted by the Court to inspect and review classified national security information, he or she must also sign the attached Memorandum of Understanding.

L.    Access to Classified Information. The defendants, their counsel, and any later cleared employees of counsel for the defendants or cleared witnesses accompanied by counsel for the defendants (hereinafter, "the defense") shall have access to classified information only as follows:

11

1.   All classified information produced by the government to the defense in discovery or otherwise, and all classified information possessed, created or maintained by the defense, shall be stored, maintained and used only in the secure area established by the Court Security Officer. No classified information shall be maintained by the defense in any other place other than the secure area established by the Court Security Officer.

2.   No person, including counsel for the defendant, shall copy or reproduce any classified information in any manner or form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

3.   The defendants and their counsel shall have free access to the classified information made available to them in the secure area established by the Court Security Officer and shall be allowed to take notes and prepare documents with respect to those materials.

4.   All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in a secure area on word processing equipment approved by the Court Security Officer. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the Court Security Officer determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the United States.

5.   The defense shall discuss classified information only with other cleared persons and only in the secure area or in an area authorized by the Court Security Officer.

6.   The defense shall not disclose, without prior approval of the Court, the contents of any

12

classified documents or information to any person not authorized under the terms of this Order except to the Court, Court personnel, and the attorneys for the United States identified by the Court Security Officer as having the appropriate clearances and the need to know. Counsel for the United States shall be given an opportunity to be heard in response to any defense request for disclosure to a person not authorized under the terms of this Order. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to this Order, and to comply with all the terms and conditions of this Order. If preparation of the defense requires that classified information be disclosed to persons not authorized under the terms of this Order, the Court Security Officer shall promptly seek to obtain security clearances for them at the request of defense counsel.

7. The defense, including the defendants, counsel for the defendants, and any other later cleared employees or defense witnesses, shall not discuss classified information over any standard commercial telephone instrument or office intercommunication systems, including but not limited to the internet, or in the presence of any person who has not been granted access by the Court to classified information.

8. Any documents written by the defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

9. If counsel for the government believes that certain classified information or documents should not be disclosed to a defendant, then counsel for the government shall notify the Court before producing the information and request a hearing. Counsel for the defendants shall be given an opportunity to be heard in response to any such action by the government.

13

M. The Classified Information Procedures Act. No motion has been made by the defense for the disclosure of classified information as of the date of the issuance of this Order. Procedures for the public disclosure of classified information by the defense shall be those established in sections 5 and 6 of CIPA. The Court may issue additional Protective Orders as needed.

N. Any unauthorized disclosure of classified information may constitute violations of the criminal laws of the United States. In addition, any violation of the terms of this Order shall be brought immediately to the attention of this Court and may result in a charge of contempt of court and possible referral for criminal prosecution. Any breach of this Order may also result in termination of an individual's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and in some cases, exceptionally grave damage to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States. Section II of this Protective Order is intended to ensure that those authorized to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it, without prior written authorization from the originating agency and in conformity with this Order for so long as it remains

14

classified.

O. All classified documents and information to which the defense (including the defendants, counsel for the defendants, any later cleared employee of counsel for the defendant, or cleared defense witnesses) have obtained access through discovery from the government in this case are now and will remain the property of the United States. Upon demand of the Court Security Officer, these persons shall return to the Court Security Officer, all classified information in their possession obtained through discovery from the government in this case, or for which they are responsible because of their access to classified information. The notes, summaries and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the Court Security Officer for the duration of this case. At the conclusion of this case (and any subsequent related proceedings including the appellate process), all such notes, summaries and other documents are to be destroyed by the Court Security Officer in the presence of defense counsel, unless defense counsel waives in writing their presence.

III. **Sensitive Discovery Materials**. The following procedures shall apply to sensitive discovery materials.

A. When producing unclassified information to the defendants and their counsel, the United States shall segregate such materials into two categories: (1) general discovery materials, and (2)

15

sensitive discovery materials. Sensitive discovery materials will be clearly marked as such during the production process.

B. General discovery materials shall be handled pursuant to the Local Rules of Criminal Procedure and the applicable Rules of Professional Responsibility. The parties acknowledge the government's interest in ensuring that sensitive discovery materials shall be used by the defense, solely for the purpose of representing the defendants in this case. The parties further acknowledge that reciprocal discovery material produced by the defense to the government shall be used by the government solely for the purpose of preparing its prosecution in this case, except that the government may, for good cause, seek leave of the Court to use such materials in other national security investigations.

C. Defense counsel shall not disclose any sensitive discovery materials to any person other than the defendants, witnesses whom they may be interviewing or preparing for trial, and attorneys, law clerks, secretaries, translators, technical and other experts, and investigators, and any other person acting at the direction of counsel for defendants and who are involved in the representation of the defendants in this case. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or

16

co-counsel.

D. All sensitive discovery materials are now and will forever remain the property of the United States Government. At the conclusion of this case defense counsel, defense counsel employees, defense translators, and anyone else who obtains declassified information through discovery from the Government will return the sensitive discovery materials and all copies thereof to the Court Security Officer. If defense counsel (or anyone acting at their direction) make any further copies of any of the sensitive discovery materials, defense counsel will inscribe on each copy the following notation: "U.S. Government Property; May Not Be Used Without U.S. Government Permission"

E. All such sensitive discovery materials are to be provided to defense counsel, and used by defense counsel, solely for the purpose of allowing the defendants to prepare their defenses.

F. If any defense counsel release custody of any of the sensitive discovery materials, or their copies, summaries or transcripts thereof, to any person described in subparagraph (C), then that defense counsel shall provide such recipients with copies of this Order, and advise them that such information is the property of the United States Government and that any unauthorized use may constitute a violation of law or contempt of court.

G. Any papers to be served upon the Court by either party which include sensitive discovery materials or refer to the

17

contents of sensitive discovery materials shall be filed under seal pursuant to the local rules governing such filings. Any papers to be served upon the Court in response to papers served in conformity with the preceding sentence shall also be filed under seal.

H. Defense counsel will store the sensitive discovery materials in a secure place and will use reasonable care to ensure that such materials are not disclosed to unauthorized third persons, including the media, in violation of this agreement.

I. Section III of this Order in no way modifies or alters the obligation of all counsel to handle classified information in a manner consistent with CIPA and such protective orders as may be entered by the Court in this case, including Section II of this Order.

**IV. Protection of Identifying Information**. In the event that personal identity information, such as date-of-birth, social security number, or address, of any individual is inadvertently produced to defense counsel, such information shall be redacted immediately by defense counsel receiving the information upon detection and shall under no condition be distributed to any third parties. This provision applies to all categories of discovery in this case.

**V. Further Protective Orders**. Nothing in this Order shall preclude the government or defense counsel from seeking a further protective order as to particular items of discovery material.

18

This Order is entered without prejudice to any party's right to seek a revision of the Order by appropriate motion to the Court.

**VI. Memorandum of Understanding**. A copy of this Order shall be issued forthwith to the defendants, and also to defense counsel, who shall be responsible for advising the defendants, any co-counsel, employees of counsel for the defendants, and defense witnesses who need to know the contents of this Order. The defendants, counsel for the defendants, and any other individuals who will be provided access to classified information, shall execute the Memorandum of Understanding described in Section II(J)(2) of this Order, and counsel for the defendants shall file executed originals of such signed documents with the Court and the Court Security Officer, and serve an executed original upon the United States. The execution and filing of the Memorandum of Understanding is a condition precedent for the defendants, counsel for the defendants, or any other person assisting the defense, to have access to classified information.

SO ORDERED, this _29th_ day of _Oct_ , 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

19

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:10-CR-8-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| GARY JACKSON, | ) | MEMORANDUM OF |
| WILLIAM WHEELER MATHEWS, JR., | ) | UNDERSTANDING |
| ANDREW HOWELL, | ) | |
| RONALD SLEZAK, and | ) | |
| ANA BUNDY | ) | |

## MEMORANDUM OF UNDERSTANDING

1.    Having familiarized myself with the applicable laws, I understand that I may have already received, and may be the future recipient of, information and documents, that pertain to the national security of the United States, and which are the property of the United States, and that such documents and information, together with the methods of collecting such information, are classified according to security standards set by the United States government or have been determined to be sensitive discovery materials, as defined in the related Protective Order.

2.    I agree that I shall never divulge, publish or reveal, either by word, conduct or any other means, such classified information and documents or sensitive discovery materials unless specifically authorized to do so in writing by an authorized representative of the United States government, or as authorized by the Classified Information Procedures Act or applicable Executive Order(s), or as otherwise ordered by this Court.

3. I understand that this agreement and any other non-disclosure agreement will remain binding upon me after the conclusion of trial in *United States v. Jackson, et. al.*, Criminal No. 2:10-CR-8-FL, and any subsequent related proceedings including the appellate process.

4. I have received, read and understand the Protective Order entered by the United States District Court for the Eastern District of North Carolina, and I agree to comply with the provisions contained therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Name (Print)

_____
Signature

_____
Date

_____
Witness Name

_____
Witness Signature

2