IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:10-CR-8-FL

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | |
| GARY JACKSON, | ) | |
| WILLIAM WHEELER MATHEWS, JR., | ) | ORDER |
| ANDREW HOWELL, | ) | |
| RONALD SLEZAK, and | ) | |
| ANA BUNDY, | ) | |
| | ) | |
| Defendants. | ) | |

This order comes before the court on regular review of its docket and where certain filings made pursuant to the procedures outlined in the Classified Information Protection Act ("CIPA") have been found to be unclassified, such filings should be re-filed on the public docket. Additionally, it has come to the court's attention that reminders regarding proper practice for the filing of sealed documents are needed in this case.

1. On December 14, 2010, this court ordered the parties to show cause within seven (7) days why defendant Bundy's Motion to Compel (DE # 79) and the government's response (DE # 92) should be maintained under CIPA where the motion and response did not appear to be classified. No party having shown cause, and the Court Security Officer having affirmed that the documents are unclassified, defendant Bundy and the government are hereby DIRECTED to re-file said motion and response on the public record via the

CM/ECF system within **seven (7) days** of entry of this order.[1] When the motion and response are docketed on the public record, the Clerk of Court is DIRECTED to refer them to United States Magistrate Judge William Webb.

2. Any party desiring to file material under seal which is not governed by the Protective Order for Classified Information and Sensitive But Unclassified Information, must file a public motion to seal, with supporting memorandum, as required by Local Criminal Rule 55.2(a) and this district's Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual"), Section T(1)(a)1. Any other party or member of the public shall have three (3) days to object to such motion. Should the three (3) day response period expire with no objection made, the clerk is DIRECTED to submit the motion to seal to the court for disposition.

3. It has come to the court's attention that both parties have engaged in a practice of requesting, within a motion to seal, that the motion to seal itself be sealed.[2] Such practice contravenes both the need of the public to view the record as well as the Policy Manual, which provides that a motion to seal "shall be a public document and docket entry, which will give the public

---

[1] This is consistent with the directions of the protective order regarding classified information and sensitive but unclassified information entered in this case on June 29, 2010, found at docket entry 50. "All portions of all papers filed by the United States that do not contain classified information or sensitive discovery materials will be placed in the public record." (Protective Order p. 10).

[2] See motions to seal found at docket entries, 71, 88, 95. For example, the government's motion to seal its notice of response to discovery demands, found at docket entry 71, states in the opening paragraph that it requests the court to seal the notice of response to discovery demands "as well as this Motion to Seal . . ." (D.E. # 71, p. 1). Likewise, in the opening paragraph of defendants' motion to seal, found at docket entry 88, defendants request the court to seal defendants' response "as well as this Motion to Seal." (D.E. # 88, p. 1).

2

notice of the request to seal and a reasonable opportunity to challenge it." Section T(1)(a)3. The parties are DIRECTED to discontinue this practice, and must exclude from a motion to seal language that, if the motion is granted, would seal the motion itself. As the motions affected by this practice (docket entries 71, 88, and 95) do not appear to contain information that merits maintaining them under seal, the court provides **seven (7)** days from entry of this order for the parties to show good cause why said motions to seal should be maintained under seal and not become part of the public record. If no such cause is shown within the time period allotted, the clerk is DIRECTED to unseal the motions found at docket entries 71, 88, and 95. The text for said docket entries should no longer reflect that they are sealed.

4. The parties must conform with the requirements of Rule 49 of the Federal Rules of Criminal Procedure, which requires a party to "serve on *every other party* any written motion (other than one to be heard ex parte), written notice, designation of the record on appeal, or similar paper." Fed. R. Crim. P. 49(a) (emphasis added). All documents filed using CM/ECF must include a certificate of service identifying the document being served, date of service, the names of the individuals being served, and the manner of delivery. The parties are reminded that service of a criminal sealed document *cannot* be made through CM/ECF, as the document cannot be accessed through the Notice of Electronic Filing (NEF). Accordingly, counsel must effect service of proposed sealed or sealed documents through other means. Under the

3

court's direction, the clerk of court has issued notices of deficiency for said service issues.[3] Defendants have corrected a deficiency at docket entry 107, and the government has until **January 26, 2011,** to correct the deficiencies noted at docket entry 71.

SO ORDERED, this the 18 day of January, 2011.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
LOUISE W. FLANAGAN
Chief United States District Judge

---

[3]The court has also instructed the clerk's office to undertake careful scrutiny of this docket and to issue notices of deficiency where errors in service, docketing, or the filing of motions to seal are noted. Notices have been issued specifically for deficient certificates of service lodged on the docket at entries 71 and 87.

4